In the Matter of JAMES W. WEST, Appellant, against ALFRED J. BOHLINGER, as Superintendent of Insurance, Respondent.— Appeal from an order of the Supreme Court, Albany County Special Term, which dismissed on the merits appellant's petition for a review under article 78 of the Civil Practice Act of respondent's denial of appellant's application for a license as an insurance agent under section 115 of the Insurance Law. The determination sought to be reviewed was made after a nonstatutory hearing. Respondent, as Superintendent of Insurance, may refuse to issue any insurance agent's license if, in his judgment, the applicant is not trustworthy and competent to act as such agent (Insurance Law, § 114, subd. 4). In addition to the written examination required by subdivision 2 of the section cited, the Superintendent may, it has been held by implication, conduct a nonstatutory hearing (*Matter of West* v. *Bohlinger,* 281 App. Div. 925). At the hearing to which appellant was cited to appear he was charged with improper conduct in connection with the preparation of annual statements and vouchers submitted to the State Insurance Department by an insurance company of which he was president; and also that he gave false testimony concerning a trip he made to North Carolina, allegedly in the interest of the company of which he was president, at an expense of more than $1,100. The Special Term held that the charges were substantial and that the determination of respondent was not arbitrary and capricious. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 283 App. Div. 749.]

■

In the Matter of the Accounting of ELTON J. WISEMAN et al., as Coexecutors of ELSIE H. CORNELL, Deceased, Respondents. MIDDLEBURY COLLEGE, Appellant.— Appeal from a decree of the Surrogate of Chenango County, entered October 15, 1952, allowing the attorney for the executors of the estate the sum of $8,000 for his services for the estate. The appeal is taken by Middlebury College, the residuary legatee under the last will and testament of the decedent. The gross distributable estate was $85,969. A single executor's commission of $1,739.38 was granted. There were no unusual features in the administration of the estate. We believe that an allowance of $4,000 would have been adequate. Decree, insofar as appealed from, reversed upon the facts in the exercise of discretion and the amount allowed to the attorney for the estate reduced to the sum of $4,000. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.